UNITED STATES DISTRICT COURT

DISTRICT OF NEW HAMPSHIRE

Delvis D. Villa Diaz

     v.                           Civil No. 07-cv-81-SM
                                     Opinion No. 2007 DNH 049

United States of America

**O R D E R**

Petitioner challenges his sentence on several grounds under the provisions of 28 U.S.C. § 2255. Although his reasoning is unclear, the gist of the petition seems to be that defense counsel provided him with constitutionally deficient representation by

> "advising petitioner to enter into a plea agreement on an enhanced drug amount that was never charged in the indictment, instead of petitioner pleading to the amount charged by the grand jury in the indictment."

Petition (document no. 1) at 3. Petitioner also says counsel should not have advised him to waive a venue issue, or waive his rights (with exceptions) to directly appeal or collaterally attack his conviction or sentence.

Pursuant to written plea agreements in two cases (04-cr-211-SM and 06-cr-55-SM), petitioner pled guilty to five separate offenses: conspiracy to possess with the intent to distribute,

and to distribute, the controlled substances cocaine base or
"crack," and cocaine (Indictment Count VII, 04-cr-211-SM);
possession with intent to distribute crack cocaine (Information
Count I, 06-cr-55-SM); possession with intent to distribute
cocaine (Information Count II, 06-cr-55-SM); possession with
intent to distribute heroin (Information Count III, 06-cr-55-SM);
and possession of a firearm during and in relation to a drug
trafficking crime (Information Count IV, 06-cr-55-SM).

His plea agreements provided for dismissal of Counts II,
III, and VI of the indictment (06-cr-55-SM), and included a
number of stipulations.  Specifically, petitioner waived venue
issues with regard to disposition in this district of the charges
in 06-cr-55-SM; agreed that he was accountable for conspiring to
distribute at least 5 but less than 20 grams of crack; agreed not
to seek a downward departure under the Sentencing Guidelines; and
waived his right to directly appeal or subsequently collaterally
attack his conviction or sentence, with some notable exceptions.
One of the exceptions to petitioner's waiver of his right to file
a petition under § 2255, covers allegations of ineffective
assistance of counsel, which he does assert in this case.

2

Having considered the petition, and having reviewed the record, including transcripts of the plea colloquy and sentencing hearing, and the written plea agreement in each case, I conclude that petitioner is plainly not entitled to relief.

The ineffective assistance of counsel test described in Strickland v. Washington, 466 U.S. 668 (1984), applies to the guilty-plea process. Hill v. Lockhart, 474 U.S. 52, 56 (1985). For petitioner to prevail on his claim, he must show that counsel's representation fell below the range of competence expected of counsel in criminal cases and that he suffered prejudice as a result of counsel's failures. "Prejudice," in the context of a guilty plea proceeding generally means "a reasonable probability that, but for counsel's errors, [petitioner] would not have pleaded guilty and would have insisted on going to trial." Id. at 59. In addition, sentencing errors attributed to ineffective assistance take on a constitutional dimension, so may be considered under 28 U.S.C. § 2255. See Smullen v. United States, 94 F.3d 20 (1st Cir. 1996); Knight v. United States, 37 F.3d 769, 774 (1st Cir. 1994).

The petition fails both parts of the Strickland test. There is no hint that had counsel not advised petitioner to "enter into

a plea agreement on an enhanced drug amount that was never charged in the indictment," he would not have pled guilty.  And, in fact, the enhanced drug amount to which petitioner stipulated, both in his plea agreement and under oath during the plea colloquy, <u>was</u> charged in the indictment.  The indictment specifically provides, under "Notice of Applicability of Sentencing Guidelines," that:

> The defendants are subject to U.S.S.G. § 2D1.1(c)(7) because each is responsible for one distribution of at least 5 but less than 20 grams of cocaine base pursuant to U.S.S.G. § 1B1.3(a)(1)(B).

Petitioner knowingly, intelligently, and voluntarily agreed that he was accountable for that amount, and he admitted every essential element of each crime of conviction in full compliance with Fed. R. Cr. P. 11.  So, counsel's advice was not deficient in the way petitioner seems to assert, and certainly no prejudice was suffered by petitioner.

Similarly, counsel's advice to waive venue issues so both sets of federal charges against petitioner could be resolved in a single proceeding in this district poses no issue of ineffective representation.  That advice seems eminently reasonable in that petitioner thereby obtained plea agreements disposing of all charges in a manner favorable to him.

4

And, counsel's advising petitioner to waive (with exceptions) his right to appeal, or collaterally challenge his conviction or sentence, falls well within the range of competent legal representation, since that waiver served as an inducement, in part, for the government to enter into the plea agreements with petitioner.  No possible prejudice resulted to petitioner from that advice, since he points to no legal issues of merit that he otherwise would have raised on direct appeal, or meritorious issues he might otherwise have raised in a § 2255 petition but for the waiver.

Finally, petitioner was sentenced to the minimum period of incarceration allowed by statute: a 5-year minimum mandatory sentence on Count VII in 04-cr-211-SM, 5-year sentences on each of Counts I, II, and III in 06-cr-55-SM (to be served concurrently with each other and with the 5-year minimum mandatory sentence on Count VII), and a mandatory minimum 5-year sentence on Count IV in 06-cr-55-SM, which was required to be served consecutively to the sentence imposed on Count VII.  In other words, petitioner received the minimum period of incarceration (10 years) permitted by statute.  Thus, he cannot have been prejudiced by any asserted sentencing irregularity, or

by any alleged failure of counsel to provide adequate
representation at sentencing.

## Conclusion

The petition, files, and records of the case conclusively
show that the petitioner is entitled to no relief.  The petition
is dismissed.

**SO ORDERED.**

_____
Steven J. McAuliffe
Chief Judge

April 12, 2007

cc:  Delvis D. Villa Diaz, pro se
     Aixa Maldonado-Quinones, Esq.